STOKER, Judge.
Plaintiff Irene Benoit appeals from a judgment in favor of the defendant, George W. Speight, coroner for Jefferson Davis Parish. Plaintiff seeks reversal of the trial court’s ruling which failed to order defendant to alter a death certificate so as to change the official designation of cause of death of plaintiff’s 19-year-old daughter, Rosea Marie Bott, from suicide to some other cause. We affirm.
In the early morning of October 7, 1981, Miss Bott was found dead by her roommate, Diane Scoper. After investigation by the defendant and deputies of Jefferson Davis Parish, defendant issued and filed a certificate of death as required by LSA-R.S. 33:1561, which provides in pertinent part as follows:
“§ 1561. Duty to hold autopsies, investigations, etc.
“A ... The corner shall furnish a death certificate based on his examination, investigation, or autopsy, and he must state as best he can the cause and means of death, and if it appears that death be due to accident, suicide, or homicide, he shall so state. ...
“B. The cause of death, the manner or mode in which the death occurred, as rendered by the coroner and incorporated in the death certificate filed with the Office of Vital Records of the Division of Health shall be the legally accepted manner and mode by which the deceased came to his or her death and shall be the legally accepted cause of death, unless the court of the parish in which the death occurred after a hearing directs the coroner to change his decision as to the cause, mode, or manner of death. In case of any death without medical attendance if no suspicion of death from violence, casualty or undue means exists, the comer may without the necessity of holding an investigation make the certificate of death from the statement of relatives, persons in attendance during the last sickness, persons present at the time of death, or other persons having adequate knowledge of the facts.”
The certificate in question states that the immediate cause of death was craniocere-bral trauma due to or as a consequence of a gunshot wound to the head. In the blank provided for entering a description of how the injury occurred the defendant coroner entered the words, “self-inflicted gunshot wound to head.” Pursuant to provisions of the above statute, plaintiff petitioned for a hearing and asked the trial court to direct the coroner to change his decision as to the cause of death. Upon the trial court’s refusal to do so following a hearing, plaintiff appealed.
Decedent was alone at the time the fatal gunshot wound was inflicted between 12:45 a.m. and 3:04 a.m. of the date mentioned. The decedent and Miss Scoper had just returned from the lounge that Miss Scoper ran or managed. The decedent and Miss Scoper had been together that evening along with the decedent’s mother, step-father, step-sister, and other persons, and there was some indication that Miss Scoper and the decedent had had an argument earlier in the evening. There was also some evidence, namely testimony by the plaintiff and decedent’s mother, Irene Benoit, that decedent was unhappy with her live-in relationship with Miss Scoper and was perhaps contemplating a move from the residence. The defendant corner testified that, in an interview at the hospital after the shooting, Mrs. Benoit and her husband told him that the decedent had been depressed for several weeks prior to the incident. This was not substantiated at trial.
*1116 Upon the arrival of Miss Scoper and decedent at the house they shared, the decedent proceeded into the house. Miss Scoper remained outside for the purpose of retrieving the money from the lounge Miss Scoper operated, which was on the back seat of the car, and to attend to a pet dog which was outside. Miss Scoper testified that when she was still outside, she heard the decedent state something to the effect of, “Where is the gun?”; Miss Scoper became alarmed and ran towards the house. Before she could make her way into the house she heard the fatal shot. Rosea Marie Bott died later that morning.
The physical evidence at the scene is consistent with the cause of death having been a self-inflicted wound. Miss Bott was found on the floor of a bedroom of the house with the gun in her left hand, the barrel pointing towards her palm. Gun powder was visibly present on her left hand. Gun powder marks on the head indicated that the gun was fired in very close proximity to the decedent’s right side of the head and the direction of the travel of the bullet was observed to be upward. The bullet had entered the right side of the cranium and traveled through to the left side where the bullet exited. That the powder marks are on the left hand of the decedent while the bullet entered the right side of the head is unusual in that the decedent, to have shot herself, most likely would have had to hold the weapon in her left hand and pull the trigger with her right hand. There was no evidence at the scene of any kind of struggle or altercation consistent with a homicide; no contusions or lacerations that would indicate a struggle were found on the body other than the wound which caused the death. There was no evidence to indicate an accidental shooting. The trigger on the pistol that was used had a “heavy pull” and could not easily have been set off unless deliberately cocked beforehand.
Plaintiff attempted to show a lack of suicidal intent by the testimony of the plaintiff, Irene Benoit, the decedent’s mother. Mrs. Benoit testified that she and her daughter had a discussion at approximately 10:00 p.m. on the night of the incident. Although the discussion was serious, her daughter left Mrs. Benoit saying that she was “O.K.” Mr. Wallace Benoit, decedent’s step-father, testified that he had never seen the decedent depressed a day in her life. There was also inconclusive testimony concerning: (1) whether Miss Scoper had taken the money from the lounge from the back seat of her car as she testified or from the trunk of her car, (2) whether Miss Scoper changed clothes before going to the hospital that night, (3) the clothes the decedent was wearing at the time of the shooting, and (4) the actions of Miss Scoper after Miss Bott’s death with regard to the decedent’s belongings and Miss Scoper’s buying of Christmas presents for the decedent’s family at Christmastime later that year. The significance of this evidence is speculative and unclear.
In Brooks v. Foret, 314 So.2d 542 (La. App. 1st Cir.1975), the First Circuit faced almost the exact factual situation as is presented in this case. The decedent’s father sought to have the death certificate notation changed from “suicide” to “accidental death” and the suit was dismissed. The decedent was alone at the time of his death by gunshot wound. Appellant’s proof consisted principally of evidence showing a lack of suicidal motive or intent. In refusing to overrule the trial court, the court stated:
“[3,4] We hold that in cases of this nature, the Coroner is not required to prove suicide as an absolute fact. He is only required to record the opinion he reaches based on his examination and investigation. Once this has been done with statutory compliance (which we find here), the statute imposes upon the party seeking change the burden of establishing the error of the Coroner’s conclusion.
[5,6] As noted by the trial judge, the Coroner is required to state a cause of death which shall be legally accepted as such until a court, after a hearing, orders otherwise. We likewise agree with the trial court that the Coroner’s judgment should not be disturbed where there is evidence to support his expressed opinion. *1117 We add that the party seeking a change must produce evidence to convince the Court of the error of the Coroner’s designation of the cause of death.
[7] We find ample physical evidence to support the Coroner’s declared opinion in this instance. Appellant’s evidence showing a lack of suicidal motive or tendency does not refute the physical evidence relied upon by the Coroner. Under the circumstances, the Coroner’s report must stand.”
Likewise, in the instant ease, the coroner has complied with his legal duty. The evidence produced by the plaintiff at the hearing was far from sufficient to convince this Court that the coroner erred in its designation as to cause of death.
Plaintiff seeks to distinguish the Brooks case by pointing out in that case the court stated that no question of insurance coverage was involved or contingent upon the outcome of the case. Plaintiff contends that the burden of proof applicable here is the same as that applicable where an insurer seeks to avoid payment of a life policy predicated upon a defense of the excluded cause of death by suicide. In such cases the insurer bears the burden of establishing suicide to the exclusion of every other reasonable hypothesis. See Rome v. Life & Casualty Ins. Co. of Tennessee, 336 So.2d 275 (La.App. 1st Cir.1976), writ refused 338 So.2d 1155 (1976); Brooks v. Louisiana & Southern Life Ins. Co., 246 So.2d 270 (La. App. 1st Cir.1971).
We do not agree that the burden of proof rests on the defense in this case. Although Irene Benoit testified that she currently has a suit pending against a life insurance company, the outcome of which presumably rests upon a determination that her daughter did not die as a result of suicide, that case is separate and distinct from this one. By this suit, plaintiff seeks to change the official designation of the cause of death which was determined by the coroner “as best he can.” In this regard the judgment in this case, which we affirm, is confined to the narrow issue of whether the defendant coroner shall be ordered to change his decision. Although Brooks v. Foret, supra, had no life insurance implications, we think the following expression of the Court of Appeal for the First Circuit in that case is appropriate:
“[1] The reasons for judgment entered of record by the trial court indicate that he properly declined to attach any probative value to the death certificate in reaching his conclusions herein.
[2] We are not here concerned with an insurer seeking to avoid payment of a life policy predicated upon a defense of excluded suicide. In such cases, the Coroner’s findings establish the fact of death only; suicide is never presumed, and the insurer bears the burden of establishing suicide to the exclusion of every other reasonable hypothesis. Faulk v. Mutual Life Ins. Co., 160 La. 529, 107 So. 395.
In the instant case, the Coroner does not allege or contend death was by suicide. He merely complied with the express terms of Section 1561, above, which requires that he record his opinion as to the cause of death after investigation, examination and autopsy, if an autopsy is performed.
* * * tf
The coroner has complied with his duty as prescribed by statute, and the plaintiff has failed to convince us or the trial court that his conclusions are erroneous.
Plaintiff also contends that the trial court erred in taking judicial notice of decedent’s degree of intoxication and the effect the alcohol may have had on the decedent. We need not consider these arguments inasmuch as, on the facts as presented in the record, the trial court did not err in ruling for the defendant.
DECREE
For the reasons assigned, the judgment of the trial court is affirmed, all costs to be paid by plaintiff-appellant.
AFFIRMED.