| jCLARK, Judge Pro Tem.
Ferris Meyers Wyatt appeals a summary judgment granted in favor of Dr. Randolph L. Williams, the Winn Parish Coroner, in this action to compel the coroner to change the cause of death appearing on Lisa Meyers’, plaintiffs daughter, death certificate. Because genuine issues of material fact exist, the summary judgment is reversed and this matter is remanded for further proceedings.

FACTS

Lisa Meyers died on October 24, 1990. On October 27, 1990, Coroner Williams and Dr. P.G. Grodman, a Monroe pathologist, issued a press release referring to the death as a homicide caused by brain damage which resulted from multiple blows to the head, face and body. Pursuant to a motion to compel *1381 by decedent’s father, the family obtained a copy of Lisa Meyers’ death certificate which listed the manner of death as homicide and the cause of death as:
Immediate cause: Cardiorespiratory Arrest
Conditions leading to immediate cause: Brain damage Cerebral concussion, commotio cerebri, cerebral edema
Underlying Cause: Severe blunt trauma to head and face
Plaintiff filed this action alleging that the coroner’s conclusion, that her daughter’s death was a homicide, was not supported by medical and forensic evidence. Plaintiff asserted her daughter died due to natural causes. Pursuant to a court order, plaintiff obtained the medical report of Dr. Kris Sperry, a forensic pathologist, which ruled out death by blunt trauma and opined that decedent’s long-standing diabetes mellitus was the most likely cause of death. Dr. Sperry reviewed the autopsy and toxicology reports, along with photographs of the crime scene and autopsy, at the request of the Winn Parish Sheriff.
In his answer, defendant asserted that death by homicide was the unanimous finding of three medical doctors. Dr. Williams then filed a motion for summary judgment asserting that plaintiff had failed to adduce clear and convincing proof that the homicide ^designation was incorrect and there existed no genuine issues of material fact. In support of summary judgment, defendant supplied his own affidavit; the affidavit of Dr. Steve Heard, a clinical pathologist who was present at the autopsy; and a copy of the death certificate. In opposition, Ferris Meyers Wyatt filed the affidavit of Dr. Sperry along with the doctor’s report.
Finding there was some evidence to support the coroner’s opinion and that Dr. Sperry’s report fell short of overcoming the presumption in favor of the coroner’s opinion, the trial court concluded there were no genuine issues of material fact and granted summary judgment in favor of Dr. Williams.

LAW

Plaintiff sued the coroner under LSA-R.S. 33:1563(E) which provides that:
(1) The coroner shall furnish a death certificate based on his examination, investigation, or autopsy, and he shall state as best he can the cause and means of death.
[[Image here]]
(3) The cause of death, the manner or mode in which the death occurred, as rendered by the coroner and incorporated in the death certificate filed with the division of vital records of the Department of Health and Human Resources, shall be the legally accepted cause of death, unless the court of the parish in which the death occurred, after a hearing, directs the coroner to change his decision as to the cause, manner, or mode of death.
* * * * * #
Appellate courts review the granting of a summary judgment de novo under the same criteria governing the trial court’s consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Inc. Co., 609 So.2d 195 (La.1992). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The papers supporting the mover’s position are to be closely scrutinized while the opposing papers are to be indulgently treated. Summary judgment should not be granted even if the trial court has grave doubts as to a party’s ^ability to establish the disputed facts. Ouachita Nat. v. Gulf States Land & Dev., 579 So.2d 1115 (La.App.2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).

DISCUSSION

LSA-R.S. 33:1563(E) requires that the coroner state a cause of death. The coroner’s designation is the legally accepted cause of death unless a court directs the coroner to change the cause of death on the death certificate. The party seeking to change the cause of death has the burden of *1382 proof. Brooks v. Foret, 314 So.2d 542 (La.App. 1st Cir.1975). On appeal, plaintiff correctly notes that LSA-R.S. 33:1563 does not set out a special burden of proof. Therefore, the appropriate burden of proof in this civil matter is proof by a preponderance of the evidence. Whitley v. Manning, 623 So.2d 100 (La.App. 1st Cir.1993), writ denied, 627 So.2d 656 (La.1993).
In Brooks, supra, the decedent’s father sought to have the coroner change his son’s cause of death designation from suicide to accidental death. Noting that the person seeking to change the designation of death must convince the court of the coroner’s error, the court stated:
We likewise agree with the trial court that the Coroner’s judgment should not be disturbed where there is evidence to support his expressed opinion. We add that the party seeking a change must produce evidence to convince the Court of the error of the Coroner’s designation of the cause of death.
In Benoit v. Speight, 432 So.2d 1114 (La.App. 3d Cir.1983), the court rejected a mother’s suit against the coroner to require him to change her 19-year-old daughter’s cause of death from suicide to some other cause. Citing Brooks, supra, the court stated that the party seeking to change the coroner’s designation has the burden of proof. The coroner must state a cause of death which is legally accepted unless a court, after a hearing, orders otherwise. After evaluating the evidence presented at trial, the court found that plaintiffs evidence was insufficient to convince the court that the coroner had erred.
In this matter, the trial court erred in granting summary judgment in favor of the defendant coroner. The coroner’s opinion, based upon his examination, investigation and Uautopsy of the decedent, is the legally accepted cause of death unless and until a court orders the coroner to change the designation after a hearing at which the party seeking the change establishes by a preponderance of the evidence that the change should be made. To the extent the courts in Brooks and Benoit implied that LSA-R.S. 33:1563 requires a higher burden than preponderance of the evidence, we disagree.
In this matter there clearly exists a genuine issue of material fact as to the cause of Lisa Meyers’ death. The coroner’s papers in support of summary judgment consisted of affidavits of two of the doctors restating their opinion that the death was due to blunt trauma and was a homicide. The only other filing was a copy of the death certificate. In opposition to the summary judgment, plaintiff presented the affidavit and report of Dr. Sperry who detailed his opinion as to causes of various injuries on Meyers’ body that were consistent with death of natural causes. Further, plaintiffs filings raised the possibility of testing any preserved vitreous fluid for farther information about decedent’s physical condition. While plaintiff may not prevail on the merits, viewing everything in the light most favorable to her, she has shown there are genuine issues of material fact concerning this matter. She is entitled to a trial on the merits and an opportunity to prove by a preponderance of the evidence that the coroner’s designation of the cause of her daughter’s death should be changed.
For the foregoing reasons, summary judgment is reversed at defendant’s costs. The matter is remanded for farther proceedings consistent with this opinion.
REVERSED AND REMANDED.