STATE of Wisconsin, Plaintiff-Respondent,

v.

David A. HINZ, Defendant-Appellant.

Court of Appeals

*No. 83–1615–CR. Submitted on briefs June 4, 1984.—*
*Decided October 26, 1984.*
(Also reported in 360 N.W.2d 56.)

For the defendant-appellant the cause was submitted on the briefs of *Bill Ginsberg* and *Wiener & Mandell* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Steven E. Tinker,* assistant district attorney, of Madison.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

BABLITCH, J.   The defendant appeals from a judgment following a jury trial convicting him of operating a motor vehicle with a blood alcohol concentration of more than 0.1 or more contrary to sec. 346.63 (1) (b), Stats.[1]  The issue is whether the trial court erred by ex-

---

[1] Section 346.63 (1) (b), Stats., prohibits any person from driving while:

cluding a blood alcohol chart and computations from the chart which were offered in evidence by the defendant. We conclude that it did, and reverse.

The chart is from a department of transportation pamphlet used to train breath examiner specialists.[2]

---

The person has a blood alcohol concentration of 0.1% or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.

[2] The blood alcohol chart in question is as follows:

### BLOOD ALCOHOL CHART

Showing estimated percent of alcohol in the blood by number of drinks in relation to body weight. This percent can be estimated by:

1. Count your drinks (1 drink equals 1 ounce of 100 proof liquor or 1 12-ounce bottle of beer.)
2. Use the chart below and under number of "drinks" and opposite "body weight" find the percent of blood alcohol listed.
3. Subtract from this number the percent of alcohol "burned up" during the time elapsed since your first drink. This figure is .015% per hour.

Example: 180 lb. man — 8 drinks in 4 hours

.167% minus (.015 × 4) = .10%

### DRINKS

| Body Weight | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 lb. | .038 | .075 | .113 | .150 | .188 | .225 | .263 | .300 | .338 | .375 | .413 | .450 |
| 110 lb. | .034 | .066 | .103 | .137 | .172 | .207 | .241 | .275 | .309 | .344 | .379 | .412 |
| 120 lb. | .031 | .063 | .094 | .125 | .156 | .188 | .219 | .250 | .281 | .313 | .344 | .375 |
| 130 lb. | .029 | .058 | .087 | .116 | .145 | .174 | .203 | .232 | .261 | .290 | .320 | .348 |
| 140 lb. | .027 | .054 | .080 | .107 | .134 | .161 | .188 | .214 | .241 | .268 | .295 | .321 |
| 150 lb. | .025 | .050 | .075 | .100 | .125 | .151 | .176 | .201 | .226 | .251 | .276 | .301 |
| 160 lb. | .023 | .047 | .070 | .094 | .117 | .141 | .164 | .188 | .211 | .234 | .258 | .281 |
| 170 lb. | .022 | .045 | .066 | .088 | .110 | .132 | .155 | .178 | .200 | .221 | .244 | .265 |
| 180 lb. | .021 | .042 | .063 | .083 | .104 | .125 | .146 | .167 | .188 | .208 | .229 | .250 |
| 190 lb. | .020 | .040 | .059 | .079 | .099 | .119 | .138 | .158 | .179 | .198 | .217 | .237 |
| 200 lb. | .019 | .038 | .056 | .075 | .094 | .113 | .131 | .150 | .169 | .188 | .206 | .225 |
| 210 lb. | .018 | .036 | .053 | .071 | .090 | .107 | .125 | .143 | .161 | .179 | .197 | .215 |

It shows estimated concentrations of blood alcohol as determined by comparing the number of drinks consumed with the weight of the consumer. Accompanying the chart is a formula for determining the amount of alcohol "burned up" over time by the drinker.

The defendant attempted to introduce the blood alcohol chart at trial. The trial court determined that it was relevant evidence. It excluded the chart, however, concluding that in the absence of expert testimony to explain it, the probative value of the chart was outweighed by the danger of confusion to the jury. Sec. 904.03, Stats.[3]

The admission or exclusion of relevant evidence is a matter vested in the discretion of the trial court. *State v. Alsteen,* 108 Wis. 2d 723, 727, 324 N.W.2d 426, 428 (1982). Whether relevant evidence should be excluded on the basis of its prejudicial potential under sec. 904.03, Stats., "goes to the trial court's discretion to weigh the probative value of the evidence against the possibility of prejudice or other factors which might impede the orderly and expeditious disposition of the issues at trial"

| Body Weight | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 220 lb. | .017 | .034 | .051 | .068 | .085 | .102 | .119 | .136 | .153 | .170 | .188 | .205 |
| 230 lb. | .016 | .032 | .049 | .065 | .081 | .098 | .115 | .130 | .147 | .163 | .180 | .196 |
| 240 lb. | .016 | .031 | .047 | .063 | .078 | .094 | .109 | .125 | .141 | .156 | .172 | .188 |

For clarification, if the 180 lb. person had all the alcohol from 12 ounces of 100 proof whiskey or 12 twelve-ounce bottles of beer in his body at one time, he would have a blood alcohol reading of 0.25% blood alcohol by weight.

[3] Section 904.03, Stats., provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(citations omitted). *State v. Wollman,* 86 Wis. 2d 459, 464, 273 N.W.2d 225, 228 (1979).

The chart itself is simple to read, and contains explicit directions for its use. Its use requires no more than comparing an individual's weight with the number of drinks allegedly consumed, and applying a simple mathematical computation to determine the amount of alcohol "burned up" during the time elapsed since consumption of the first drink.

We reject the proposition that expert testimony is necessary to translate the significance of the chart, as applied to the individual defendant, to the jury. As the defendant contends, the blood alcohol chart is directly analogous to the average stopping distance chart also issued by the department of transportation. Both charts estimate physical conditions based on average circumstances. A particular stopping distance may vary from the chart's estimate because of the driver's reaction time, type and condition of tires, condition of the pavement, road grade, and other factors. Blood alcohol content may vary from the chart's estimate because of metabolic rate, the actual alcohol content of the drinks consumed, the amount of food in the stomach, and other factors. We perceive no material difference between the two charts in terms of their ease of use, or of the significance of their application to a variety of individual circumstances.

The stopping distance chart has been held admissible in Wisconsin by a line of cases beginning in 1959. *Hoeft v. Friedel,* 70 Wis. 2d 1022, 1031, 235 N.W.2d 918, 922 (1975); *Nieman v. American Family Mut. Ins. Co.,* 38 Wis. 2d 62, 66 n. 3, 155 N.W.2d 809, 811 (1968); *Keplin v. Hardware Mut. Casualty Co.,* 24 Wis. 2d 319, 332, 129 N.W.2d 321, 327 (1964); *Mainz v. Lund,* 18 Wis. 2d 633, 641–42, 119 N.W.2d 334, 339 (1963); *Steffes v.*

*Farmers Mut. Automobile Ins. Co.,* 7 Wis. 2d 321, 331, 96 N.W.2d 501, 508 (1959).[4]

Judicial notice of the stopping distance chart has also been taken frequently. *Fischer v. Fischer,* 31 Wis. 2d 293, 307–08, 142 N.W.2d 857, 864 (1966), *rev'd on other grounds; In Matter of Estate of Stromsted,* 99 Wis. 2d 136, 144, 299 N.W.2d 226, 230 (1980) ; *St. Paul Fire & Marine Ins. Co. v. Burchard,* 25 Wis. 2d 288, 295, 130 N.W.2d 866, 869 (1964) ; *Blahnik v. Dax,* 22 Wis. 2d 67, 70, 125 N.W.2d 364, 366 (1963). *See also Schmiedeck v. Gerard,* 42 Wis. 2d 135, 141, 166 N.W.2d 136, 139 (1969). A court may take judicial notice only of matters which have "verifiable certainty." *Fringer v. Venema,* 26 Wis. 2d 366, 372, 132 N.W.2d 565, 569 (1965).

The supreme court has noted the limitations of the evidentiary value of the stopping distance chart. In *Hoeft v. Friedel,* 70 Wis. 2d 1022, 1031, 235 N.W.2d 918, 922 (1975) (footnote omitted), it stated:

It is permissible for a jury to consider this table in determining whether the operator of a motor vehicle was negligent as to speed or control. However, stopping distances depend upon a variety of factors, including the driver's reaction time. The table is to serve as a guide only and should not be considered conclusive on the issue of whether a driver was negligent as to speed.

These limitations are reflected in the applicable civil jury instruction, as follows:

A page of the *Wisconsin Manual for Motorists* setting out distances within which an automobile can be stopped when operated at certain speeds has been received in evidence and may be considered in arriving at a verdict.

[4] Exclusion of the stopping distance chart was affirmed where the chart did not refer to the size of the vehicle in question. *See Krause v. Milwaukee Mut. Ins. Co.,* 44 Wis. 2d 590, 603, 172 N.W.2d 181, 187 (1969) (chart based on average auto excluded where vehicle was 70,000 pound semi-truck). No comparable circumstance necessitates the exclusion of the blood alcohol chart in this case.

Those stopping distances, however, are based upon the assumption that the vehicle is a passenger car of average size and weight, that the surface is paved, dry and level, that the brakes and tires of the automobile are in average condition, and that the reaction time, that is, the time needed to apply brake pressure after the operator is aware of danger, averages about three-fourths of a second. Those stopping distances were received merely to give you aid and assistance and not to control you.

Wis JI—Civil 255. We perceive no reason why the correlative limitations of the blood alcohol chart should not be explained to the jury in the same manner.

We conclude that the trial court abused its discretion in excluding the evidence under sec. 904.03, Stats.

The state also contends that the blood alcohol chart is inadmissible hearsay. The trial court did not fully address this issue. The decisions passing upon the admissibility of the stopping distance chart do not address hearsay objections to the chart. We reject the contention.

Section 908.03(8), Stats., excepts from the hearsay rule public records and reports described as follows:

Records, reports, statements, or *data compilations,* in any form, *of public offices or agencies, setting forth* (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, *factual findings resulting from an investigation made pursuant to authority granted by law,* unless the sources' of information or other circumstances indicate lack of trustworthiness. [Emphasis supplied.]

The blood alcohol chart is a compilation of a public agency, the department of transportation. Its findings are factual and were made in furtherance of its authority to train traffic officers. *See* sec. 110.065, Stats. In this case the trial court suggested that this exception applied, although ultimately excluding the blood alcohol chart on the basis of its potential for confusing the jury.

Other decisions have suggested that stopping distance charts are admissible under this exception. *See Robbins v. Whelan,* 653 F.2d 47, 50 (1st Cir.) (analogous federal rule provision), *cert. denied,* 454 U.S. 1123 (1981).

Section 908.03(24), Stats., also excepts from the hearsay rule evidence which has "circumstantial guarantees of trustworthiness" comparable to the exceptions specifically delineated in the preceding 23 subsections of sec. 908.03. If the department of transportation's stopping distance chart has sufficient "verifiable certainty" for a court to judicially notice it, it follows that the similarly composed blood alcohol chart prepared by the same agency possesses sufficient guarantees of trustworthiness to be admissible under sec. 908.03(24).

Under sec. 901.03(1), Stats., reversible error may not be predicated on a ruling which excludes evidence "unless a substantial right of the party is affected." We conclude that exclusion of the blood alcohol chart affected the defendant's substantial right to have the jury hear evidence material to his blood alcohol content.

█

According to the defendant's offer of proof, he weighed 140 pounds, and consumed 8 beers over a 10-hour period of time. Applying these facts to the blood alcohol chart yields a blood alcohol concentration of .06 percent. The state's evidence showed a breathalyzer examination reading of .20 percent. The difference is significant. The case was a close one. The defendant produced several witnesses to corroborate his testimony, and the jury was unable to reach a verdict on the companion charge that the defendant was driving while under the influence of alcohol, contrary to sec. 346.63 (1)(a), Stats.[5] The excluded evidence might well have

---

[5] Section 346.63(1)(a), Stats., prohibits any person from driving while:

Under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance, under the influence of any other drug to a degree which renders him or

swayed the jury's verdict on the instant charge. We conclude that the defendant's substantial right to have relevant evidence placed before the jury was affected by the court's ruling.

The state contends that because the chart was not made a part of the record, review is precluded. Review is limited to the record before the court. *Schimke v. Milwaukee & Suburban Transp. Corp.*, 34 Wis. 2d 317, 320, 149 N.W.2d 659, 661 (1967). The defendant made an offer of proof on the record which referred to the chart and indicated its application to the defendant. The "substance of the evidence" was therefore "made known to the judge" within the meaning of sec. 901.03(1)(b), Stats.,[6] thus properly preserving the error for appeal. This court could also take judicial notice of the chart, for the same reasons the supreme court has taken judicial notice of the stopping distance chart. Review of the issue raised by the defendant is therefore appropriate.

The state finally contends that the evidence was not properly authenticated as required by sec. 909.01, Stats. This issue was neither raised by the state nor addressed by the trial court because of the trial court's decision to exclude the evidence on other grounds. We therefore do not address the issue. *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 171, 288 N.W.2d 129, 138–39 (1980).

Because the trial court erred in excluding the blood alcohol chart, and the error was not harmless, the judgment of conviction must be reversed.

*By the Court.*—Judgment reversed.

---

her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving . . .

[6] Section 901.03(1)(b), Stats., provides:

In case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.