KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You have asked whether section 345.24, Stats., requires the release of a person twelve hours after his arrest for one of the alcohol related driving offenses specified in that statute, even if the person's blood-alcohol content still exceeds .05 percent. The answer is no, provided that the person is brought before a court without unreasonable delay.
Section 345.24 reads as follows:
 Officer's action after arrest for driving under influence of intoxicant. A person arrested under s. 346.63 or an ordinance in conformity therewith or s. 346.63 (1m) or (2) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, may not be released until 12 hours have elapsed from the time of his or her arrest or unless a chemical test administered under s. 343.305 (2)(b) shows that there is 0.05% or less by weight of alcohol in the person's blood or 0.05 grams or less of alcohol in 210 liters of the person's breath, but the person may be released to his or her attorney, spouse, relative or other responsible adult at any time after arrest.
As created in 1971, this statute required an OMVWI arrestee to be detained for four hours unless he could be released to a responsible adult or unless his blood-alcohol content (BAC) tested at less than .05 percent.[1] Ch. 278, sec. 46, Laws of 1971. The time limit was increased to twelve hours in 1981. Ch. 20, sec. 1597r, Laws of 1981.
In construing a statute, one must first look to the language of the statute itself. State v. Waalen, 130 Wis.2d 18, 24,386 N.W.2d 47 *Page 96 
(1986). Only when the statutory language is ambiguous or unclear should one examine the scope, history, context, subject matter and object of the statute to determine legislative intent. Id.
Where there is no responsible adult to assume custody of a person arrested for one of the alcohol-related driving offenses specified in section 345.24, the statute prohibits the person's release unless one of two conditions has been satisfied: 1) twelve hours have elapsed since the person's arrest; or 2) a chemical test administered under section 343.305 (2)(b) shows that the person's blood-alcohol or breath-alcohol level is .05 or less. As a practical matter, the chemical test referred to in the statute will likely be the initial test administered immediately after the person's arrest because section 345.24 does not require law enforcement officers to give an arrestee repeated tests to determine if his BAC has subsided to .05 or less.[2]
The statutory language plainly requires that a person arrested for one of the designated offenses be detained for twelve hours unless his BAC is tested and found to be .05 percent or less or unless he can be released to the custody of a responsible adult. However, the statute does not explicitly authorize or prohibit the detention of a person for more than twelve hours after his arrest where his BAC still exceeds .05 percent. To answer your question it is therefore necessary to look outside the statute to determine legislative intent. Milwaukee Met. Sewerage Dist. v.DNR, 126 Wis.2d 63, 71, 375 N.W.2d 649 (1985).
Case law interpreting section 345.24 is scarce. Nevertheless, in State v. Welsh, 108 Wis.2d 319, 337, 321 N.W.2d 245 (1982),rev'd on other grounds, 466 U.S. 740 (1984), the supreme court made the following observations on the Legislature's purpose in enacting the statute:
 Undoubtedly, this provision was enacted to prevent drunken drivers from returning to the road while intoxicated. Presumably, this four-hour statutory limitation sought to provide an adequate time allowance for the arrested intoxicant's blood alcohol content to metabolize to a safer level, equal to or less than .05 percent. Restraining those drivers who pose a danger to *Page 97 
themselves and the public for the four-hour statutory period constitutes a preventive measure, designed to promote public safety.
Although the above comments were made when the statute only required a four-hour detention period, their force has not been diminished by the Legislature's increase of the detention period to twelve hours. Rather, the tripling of the time allotted for the intoxicated driver to regain sobriety manifests the Legislature's recognition that some OMVWI arrestees are still too intoxicated to drive four hours after their arrests.[3]
Since the purpose in enacting section 345.24 was to provide an adequate time for the arrested intoxicant's BAC to metabolize to .05 percent or less, and since the Legislature recently increased the statute's mandatory detention period to twelve hours, it would be inconsistent with legislative intent to require the release of a driver whose BAC exceeds .05 percent. While not prima facie evidence that a person is under the influence of an intoxicant, a BAC greater than .05 but under .10 is relevant evidence on the issue of intoxication. See sec.885.235 (1)(b), Stats.
Reading section 345.24 to require the release of a driver whose BAC exceeds .05 percent would also be inconsistent with the last two sentences of section 969.07, which governs the taking of bail by a law enforcement officer. The last two sentences of that statute provide as follows:
 This section does not require the release of a defendant from custody when an officer is of the opinion that the defendant is not in a fit condition to care for his or her own safety or would constitute, because of his or her physical condition, a danger to the safety of others. If a defendant is not released under this section, s. 970.01 shall apply.
Because section 969.07 only applies to persons charged with misdemeanors, see 63 Op. Att'y Gen. 241, 243 (1974), it has limited applicability to those persons arrested for one of the offenses designated in section 345.24, many of whom are charged with civil *Page 98 
offenses and some of whom are charged with felonies. Nevertheless, this section evinces the Legislature's intent to permit law enforcement officers to retain custody of those defendants whose physical condition renders them a danger to themselves or others. This intention would be frustrated by requiring the release of OMVWI arrestees who still have a BAC greater than .05.
Support for my opinion that section 345.24 does not require the release of an OMVWI arrestee within twelve hours if his BAC still exceeds .05 percent comes from an unpublished decision of the Wisconsin Court of Appeals, City of Madison v. Zwettler, No. 78-490 (dec'd May 23, 1979). I have enclosed a copy of that decision with this opinion.
Zwettler had been arrested at 3:31 a.m. for operating a motor vehicle while intoxicated. She was held in jail until making her initial court appearance at approximately 9 a.m., more than five hours after her arrest. The county court dismissed the complaint, finding that sections 345.23[4] and 345.24 required the defendant's release after a four-hour detention period once she had deposited her valid driver's license with the detaining authorities. The circuit court reversed, finding that the statutes require only that the defendant be brought before the court without unreasonable delay after expiration of the four-hour period specified in section 345.24, Stats. (1975), unless sooner released under the "blood-alcohol level" or "responsible adult" provisions of the statute. Slip op. at 1-2. *Page 99 
The court of appeals affirmed the circuit court's order. The court noted that section 345.23 deals with arrests for violations of traffic regulations generally, while section 345.24
establishes a specific procedure for dealing with OMVWI arrestees. The court found that the general provisions of section345.23 (1) and (2) are inconsistent with mandatory detention under section 345.24 and are therefore inapplicable to motorists arrested for driving while intoxicated. However, the court held that section 345.23 (3) does not conflict with section 345.24. Construing these statutes together, the court of appeals concluded that, "at the expiration of the mandatory four-hour detention required by section 345.24, the accused must be brought before the court without unreasonable delay." Slip op. at 3-4.
The court in Zwettler apparently found that only when the period specified in section 345.24 for holding designated arrestees had expired would section 345.23 (3) kick in and require that the person be brought before the court without unreasonable delay if the authorities wished to detain him further. Requiring that the person be brought before a court after the expiration of the twelve-hour period now set by section345.24 would have the salutary effect of preventing law enforcement authorities from arbitrarily detaining OMVWI arrestees. Although Zwettler was decided when the mandatory detention period was four rather than twelve hours, it supports my view that an OMVWI arrestee is not automatically entitled to release once the detention period established by section 345.24
has elapsed.
While Zwettler is consistent with my interpretation of section345.24, I must caution you that, as an unpublished decision of a single court of appeals judge, Zwettler is of no precedential value under the rules of appellate procedure. See sec. 809.23
(3), Stats. However, it does indicate that at least one member of the court of appeals views section 345.24 as I do.
As a final matter, I note that my construction of section345.24 is consistent with avoiding liability for failing to retain custody of intoxicated motorists. See Annot., 48 A.L.R. 4th 320 (1986), Failure to Restrain Drunk Driver as Ground of Liability of State or Local Government Unit or Officer.
DJH
[1] The statute also provides in the alternative that a person can be released if there is .05 grams or less of alcohol in 210 liters of the person's breath. Since your question specifically refers to blood-alcohol content, however, this opinion will only address that basis for release from custody.
[2] Under section 343.305 (5), of course, the person is entitled to one test in addition to that administered upon the request of a law enforcement officer under section 343.305 (2)(b) or required under section 343.305 (2)(c).
[3] The blood-alcohol chart reprinted in State v. Hinz,121 Wis.2d 282, 284-85, 360 N.W.2d 56 (Ct.App. 1984), shows that alcohol is burned up at the rate of .015 percent per hour. Thus, a person whose BAC is greater than .11 at the time of arrest will still have a BAC exceeding .05 four hours later. (.11 minus (4 x .015) equals .05 percent).
[4] Section 345.23 provides as follows:
Officer's action after arrest without a warrant. If a person is arrested without a warrant for the violation of a traffic regulation, the arresting officer shall issue a citation under s. 345.25, and in addition:
(1) May release him — or
(2) Shall release him when he:
(a) Makes a deposit under s. 345.26; or
(b) Makes a stipulation of no contest and deposit under s. 345.27 or
(c) Deposits his valid Wisconsin operator's license as defined in s. 343.01 (2)(c) with the officer. The license deposited shall be the license under which he was operating at the time of arrest. If the license is deposited with the officer, the officer shall issue to the licensee a receipt which shall be valid as a driver's license through the date specified on the receipt, which shall be the same as the court appearance date, and the officer shall, at the earliest possible time prior to the court appearance date, deposit the license with the court.
(d) Presents a guaranteed arrest bond certificate under s. 345.61.
(3) Shall, if the alleged violator is not released under sub. (1) or (2), bring him or her without unreasonable delay before a judge or, for ordinance violations before a municipal judge in the county in which the violation was alleged to have been committed.
(4) Shall, if the alleged violator is released under sub. (1) or (2), specify on the citation a return date which may not be more than 90 days after the issue date. *Page 100