IN RE CORRECTION OF DEATH CERTIFICATE CONCERNING
Carol Constance NEUMAN:

Melvin A. NEUMAN, Ph.D., Petitioner-Appellant,

v.

CIRCUIT COURT FOR MARATHON COUNTY and the
Honorable Gary L. Carlson, presiding, Respondents.

Court of Appeals

*No. 99–0714. Submitted on briefs October 4, 1999.—Decided
November 16, 1999.*

(Also reported in 605 N.W.2d 280.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *James E. Low* of *Crooks, Low, Connell & Rottier, S.C.* of Wausau.

On behalf of the respondents, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David C. Rice,* assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.  HOOVER, P.J.  Melvin Neuman appeals an order amending the cause of death on Carol Constance Neuman's death certificate. He contends that the circuit court should have included in the cause of death section of the certificate a description of the chain of claimed medical malpractice leading to her death.[1] Neuman asserts that the circuit court "ignored the factual factors and substituted its own opinion about things it alleged to be editorial as opposed to factual." We determine that the death certificate should, under the facts of this case, include only the cause of death, sepsis, and the evolution of the sepsis, not a description of the events related to the cause of death. The "facts" that Neuman asks be incorporated into the order

---

[1] Neuman denominated both the Circuit Court for Marathon County and the Honorable Gary L. Carlson as respondents in this appeal. We refer to them collectively as either the circuit court or the court.

amending the death certificate are neither causes of death nor a description of the evolution of the sepsis. Accordingly, we affirm the order.

¶ 2. Carol Neuman died in 1989. Her original death certificate reflected her cause of death as a gram negative sepsis, due to or as a consequence of ovarian carcinoma. Melvin Neuman filed a petition in circuit court to correct her death certificate under § 69.12, STATS.[2] He presented evidence that Carol did not have ovarian cancer, but instead that her immune system was compromised by chemotherapy.

¶ 3. The circuit court found that Melvin met his burden of proving that Carol's death certificate did not represent the "actual facts in effect" at the time the death certificate was filed, insofar as the death certificate listed ovarian carcinoma as an underlying cause of death. The court also found that Melvin met his burden of proving that underlying the cause of death was the suppression of Carol's immune system by chemother-

---

[2] Section 69.12, STAT.., provides, in pertinent part:

> If the state registrar cannot make an amendment to a vital record under s. 69.11 and a person with a direct and tangible interest in the vital record alleges that information on the vital record does not represent the actual facts in effect at the time the record was filed, the person may petition the circuit court of the county in which the event which is the subject of the vital record is alleged to have occurred. . . . If the court finds that the petitioner has established the actual facts of the event in effect when the record was filed, the clerk of court shall report the court's determination to the state registrar . . . .

When considering a petition filed under this section, the circuit court's only role is to review the evidence presented by a petitioner and to determine whether the petitioner has established the actual facts of the event in effect when the record was filed by the greater weight of credible evidence. *See Sullivan v. Waukesha County*, 218 Wis. 2d 458, 466, 578 N.W.2d 596, 599 (1998).

apy. The court thus found a single cause of death, sepsis, which evolved from the chemotherapy's suppression of Carol's immune system. The court's order modified the death certificate to reflect these findings. Melvin does not challenge these findings on appeal.

¶ 4.   Melvin claims that he proved that additional facts existed at the time of filing the death certificate and that the circuit court erred by failing to include these facts in its order. Specifically, Melvin proved that Carol had a rising CA 125 level[3] and that the chemotherapy she received was "investigational." The circuit court declined to include these facts in its order to amend the death certificate because they were, respectively, merely the basis for Carol's treatment and a characterization of the treatment. Neither the investigational nature of the chemotherapy nor the rise in the CA 125 level were causes of death or part of the evolution of the disease causing death, sepsis.

¶ 5.   We review the circuit court's factual findings under the clearly erroneous standard: they will not be overturned unless clearly erroneous. Section 805.17(2), STATS. At the hearing before the circuit court, Neuman acknowledged that the rising CA 125 level was merely the basis for treating Carol with chemotherapy and was not a cause of death. Dr. Richard Bartholomew, who performed the autopsy, testified that the immediate cause of death was gram negative sepsis, that the underlying cause of death was a suppressed immune system due to chemotherapy and that there were no other causes of death. He did not identify as causes of death the rising CA 125 level or the investigational nature of the chemotherapy, and no other medical evi-

___

[3] A rising CA 125 level is a possible indicator of cancer, but is not conclusive.

dence was presented. We therefore conclude that the circuit court's findings are supported by the evidence and are not clearly erroneous.

¶ 6. Melvin implicitly challenges the circuit court's interpretation of § 69.18(2)(f), STATS. He essentially argues that under this statute, the death certificate must describe the evolution of the sepsis, which he claims includes the chain of events leading to death. Whether the circuit court applied the proper standard under § 69.18(2)(f) is a matter of statutory interpretation, and thus is a question of law that this court reviews de novo. *See Sullivan v. Waukesha County*, 218 Wis. 2d 458, 464, 578 N.W.2d 596, 598 (1998). Our goal is to ascertain the legislature's intent. *See id.* The main source for statutory interpretation is the plain language of the statute. *See id.* at 465, 578 N.W.2d at 598. If the language is clear, we may not look beyond the language of the statute to ascertain its meaning. *See id.*

¶ 7. Section 69.18(2)(f)1, STATS., provides:

A person signing a medical certification . . . shall describe, in detail, on a form prescribed by the state registrar, the cause of death, show the duration of each cause, the sequence of each cause if the cause of death was multiple and, if the cause was disease, the evolution of the disease. The person shall describe a disease in medical terms and may not limit the description to symptoms or conditions resulting from disease. If the cause of a death is medically certified under par. (d), the coroner or medical examiner shall describe any violence related to the cause of death, its effect on the decedent and whether it was accidental, suicidal, homicidal or undetermined.

¶ 8.   Because sepsis is a disease, the statute's clear language requires the death certificate to contain the evolution of the disease, described in medical terms.[4] The circuit court found that the evolution of the disease began with the chemotherapy, which suppressed Carol's immune system making her susceptible to the sepsis that ultimately caused her death. That the basis of her treatment with investigational chemotherapy was her rising CA 125 level is irrelevant; based on these facts, it was not part of the evolution of the disease.

¶ 9.   Notwithstanding the circuit court's findings, Neuman suggests the death certificate is to contain the basis of a patient's treatment as well as the type of treatment. His suggestion would presumably require that death certificates contain the deceased's medical history and may go on for volumes. We decline to adopt this absurd result. *See Peters v. Menard, Inc.*, 224 Wis. 2d 174, 189, 589 N.W.2d 395, 403 (1999). In the case of death by disease, as here, the legislature limited the amount of information required on a death certificate to the cause of death and the evolution of the disease.

¶ 10.   We determine that the death certificate at issue in this case should include only the medical cause of death and the evolution of the sepsis, not the chain of events leading to death. The facts Neuman asks be incorporated into the death certificate are not causes of death or part of the evolution of the disease, but rather describe a possible chain of malpractice. As such, the circuit court properly excluded them from its order to

---

[4] As we discussed earlier, the circuit court's finding of a single cause of death, the sepsis, is not clearly erroneous. We therefore do not discuss the statute's provisions regarding multiple causes of death.

amend Carol's death certificate. Accordingly, the order is affirmed.

*By the Court.*—Order affirmed.