John HOLZ and Sandra Holz, Plaintiffs-Respondents,

v.

BUSY BEES CONTRACTING, INC., Defendant-Appellant.

Court of Appeals

*No. 98–1076. Submitted on briefs September 11, 1998.—Decided December 9, 1998.*

(Also reported in 589 N.W.2d 633.)

599

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John Karpfinger,* president of Busy Bees Contracting, Inc.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Thomas C. Kircher* and *Marcia J. Hasenstab* of *Kircher Law Office* of Waterford.

Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.  Busy Bees Contracting, Inc., appeals from a small claims judgment in favor of John Holz and Sandra Holz.[1] Busy Bees challenges the trial court's finding that construction work performed for the Holzes by Busy Bees was not performed in a workmanlike manner. Based on this finding, the court determined that Busy Bees had breached its contract with the Holzes.

On a threshold basis, we reject the Holzes' challenge to our jurisdiction over this appeal because Busy Bees' president, John Karpfinger, a nonlawyer, filed the notice of appeal. We hold that an appeal in a small claims action is an "action or proceeding" pursuant to § 799.06(2), STATS., which permits a nonlawyer to commence, prosecute or defend a small claims action if the nonlawyer is a "full-time authorized employe" of the entity on whose behalf the nonlawyer acts. On the merits, however, we reject Busy Bees' contention that the evidence does not support the judgment. Finally, we agree with the Holzes that Busy Bees' appeal is frivolous, and we remand for a determination as to the Holzes' costs, fees and reasonable attorney's fees related to this appeal.

### FACTS

On November 18, 1997, the Holzes filed a small claims action against Busy Bees alleging that the parties had entered into a home improvement contract calling for Busy Bees to construct retaining walls on the Holzes' property and to provide related services. According to the complaint, Busy Bees breached the

---

[1] By a prior order, the chief judge of the court of appeals has directed that this appeal be decided by a three-judge panel. *See* RULE 809.41, STATS.

601

contract by failing to use proper workmanlike procedures and standards. As a result, the Holzes had to hire another contractor to repair the walls.

Busy Bees denied the allegations and stated further that "the contract was fully performed to the satisfaction of the [Holzes] and that the same was accepted by the [Holzes] as fully performed." Busy Bees maintained that the Holzes had hired another contractor not to repair the walls but instead to rebuild the walls because the Holzes had changed the design of the walls after Busy Bees had completed construction. Busy Bees also counterclaimed for the remainder of the balance due on the original contract.

At the conclusion of the bench trial, the trial court found:

> It is clear . . . that [Busy Bees'] construction work on the retaining walls was not done in a workmanlike manner nor up to the standards applicable to accomplish substantial performance under the contract. . . . [I]n this case [Busy Bees'] work and performance is totally inadequate. . . .
>
> . . . .
> The evidence clearly establishes that the defects caused by [Busy Bees'] failure to substantially perform on the obligations under the contract resulted in the costs incurred to demolish and rebuild the walls . . . .

The court awarded damages to the Holzes in the amount of $3395.30.

Busy Bees appealed. The notice of appeal was signed by John Karpfinger, the president of Busy Bees.

602

## DISCUSSION

### 1. Appellate Jurisdiction

As a threshold matter, the Holzes contend that Busy Bees' appeal should be dismissed for lack of appellate jurisdiction because the notice of appeal was filed by Karpfinger, its nonlawyer president. The Holzes rely on *Jadair Inc. v. United States Fire Insurance Co.*, 209 Wis. 2d 187, 562 N.W.2d 401, *cert. denied sub nom. Blueprint Engines, Inc. v. Jadair Inc.*, 118 S. Ct. 565 (1997). There, the supreme court construed the unauthorized practice of law statute, § 757.30, STATS., and concluded that a notice of appeal which invokes the appellate court's jurisdiction may not be filed by a nonlawyer on behalf of a corporation. *See Jadair*, 209 Wis. 2d at 204, 562 N.W.2d at 407–08. The court further stated:

> Only a lawyer can sign and file a notice of appeal on behalf of a corporation. When a nonlawyer represents a corporation in this manner, the notice of appeal is fundamentally defective, and the court of appeals is without jurisdiction.

*Id.* at 213, 562 N.W.2d at 411.

*Jadair*, however, was a large claims, not a small claims, case. In fact, the supreme court noted that "[t]he only exception the legislature has made to the unauthorized practice of law statute is the exception contained in Wis. Stats. § 799.06(2) for actions filed in small claims court." *Jadair*, 209 Wis. 2d at 202, 562 N.W.2d at 407. The statute provides:

> A person may commence and prosecute or defend an *action or proceeding* under this chapter and may

appear in his, her or its own proper person or by an attorney regularly authorized to practice in the courts of this state. *Under this subsection*, a person is considered to be acting in his, her or its own proper person if the appearance is by a full-time authorized employe of the person. . . .

Section 799.06(2) (emphasis added).

The Holzes contend that the phrase "under this subsection" limits the application of § 799.06(2), STATS., to small claims proceedings on the trial level.[2] As such, they conclude that the *Jadair* ruling, although rendered in a large claims case, applies to an appeal in a small claims action. Although the Holzes focus on the meaning of the phrase "under this subsection," we conclude that the issue is governed by the meaning of the phrase "action or proceeding" in the opening sentence of the subsection. Once we have determined the scope of that phrase, it follows that we have also answered what is covered "under this subsection."

■

The issue before us is one of statutory construction. We first look to whether the statute is ambiguous. *See State v. Paulick*, 213 Wis. 2d 432, 435, 570 N.W.2d 626, 628 (Ct. App. 1997). A statutory provision is ambiguous if reasonable minds could differ as to its meaning. *See id.* Here, we conclude that § 799.06(2), STATS., is ambiguous because reasonable persons could differ as to whether the phrase "action or proceeding" means only small claims proceedings in the trial court or whether the phrase extends to appeals of such actions.

---

[2] The Holzes do not argue that Karpfinger is not "a full-time authorized employe" of Busy Bees within the meaning of § 799.06(2), STATS.

604

When we are asked to construe a statute whose meaning is in dispute, our efforts are directed at determining legislative intent. *See State v. Dunn*, 213 Wis. 2d 363, 369–70, 570 N.W.2d 614, 617 (Ct. App. 1997). To assist in this exercise, we consider the words of the statute in relation to its context, subject matter, scope, history and the object which the legislature intended to accomplish. *See id.* at 370, 570 N.W.2d at 617. We also look for the commonsense meaning of the statute in order to avoid unreasonable and absurd results. *See id.* In this case, we conclude that the most compelling considerations are the words of the statute in relation to its context, the legislative objective and the reasonableness of the interpretation urged by the Holzes.

In a case involving an allegation of the unauthorized practice of law at the trial level in a small claims case, the supreme court observed that "the objective of the small claims procedure is speedy and inexpensive justice." *Littleton v. Langlois*, 37 Wis. 2d 360, 363, 155 N.W.2d 150, 152 (1967); *see also County of Columbia v. Bylewski*, 94 Wis. 2d 153, 165, 288 N.W.2d 129, 136 (1980). We conclude that litigants in small claims cases have as much interest in obtaining "speedy and inexpensive justice" on the appellate level as well as the trial level. Were we to limit § 799.06(2), STATS., to only trial court proceedings, we would do violence to this stated objective in small claims cases. The distinction urged by the Holzes makes no sense.

In addition, the legal meanings attached to the words "action" and "proceeding" do not support the Holzes' restrictive interpretation of those terms. A legal dictionary defines "action," in part, as "[including] *all the formal proceedings* in a court of justice attend-

ant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." BLACK'S LAW DICTIONARY 28 (6th ed. 1990) (emphasis added). Surely an appeal is a "formal proceeding" in the course of litigation. The legal dictionary also describes the components of a "proceeding." It states: "The proceedings of a suit embrace *all* matters that occur in its progress judicially." *Id.* at 1204. Obviously, an appeal is a component of the judicial process.

We reject the Holzes' argument that we are without jurisdiction in this case. We turn to the merits of Busy Bees' appeal.

### 2. Sufficiency of the Evidence

Busy Bees' appeal contends that the evidence does not support the trial court's factual finding that Busy Bees performed in an unworkmanlike manner.

This issue will not long detain us. Findings of fact shall not be set aside unless clearly erroneous and we must give due regard for the opportunity of the trial court to judge the credibility of the witnesses. *See* § 805.17(2), STATS. Busy Bees' appellate argument is awkwardly stated and sometimes difficult to follow. We discern that it divides into two categories: (1) complaints as to the accuracy of certain isolated statements in the trial court's written decision; and (2) a restatement of the arguments it made (or could have made) in the trial court. As to the former, assuming that the trial court misspoke, none of the statements deal with matters relevant to the sufficiency of the evidence. As to the latter, our function under § 805.17(2) is not to retry the case, but rather to determine whether the trial court's findings are clearly erroneous. Busy Bees' argument fails to grasp our

appellate function. As a result, Busy Bees has failed to mount any argument as to why we should reverse the judgment.

Nonetheless, we have independently reviewed the trial court's written decision and the evidence presented at the bench trial. The court's decision is thorough, well-reasoned and well-stated. The court based its findings on the photographs received into evidence, the testimony offered by Busy Bees and the testimony of the contractor whom the Holzes hired to repair Busy Bees' work. In addition, the court's decision details the specific shortcomings in Busy Bees' performance.[3] The court's decision is abundantly supported by the evidence.

### 3. Frivolous Appeal

Finally, the Holzes contend that Busy Bees' appeal is frivolous. They seek their costs, fees and reasonable attorney's fees pursuant to RULE 809.25(3), STATS.

A portion of the Holzes' argument rests on their claim that Busy Bees commenced this appeal without properly invoking our jurisdiction. Because we have resolved this issue in favor of Busy Bees, we reject the Holzes' claim that the appeal is frivolous on this ground.

However, the Holzes also claim that this appeal is frivolous because Busy Bees' argument is "an excruciating conglomeration of the challenges to the evidence

---

[3] For example, the trial court noted that Busy Bees had inverted the first layer of blocks, incorrectly installed Rybars, failed to match and line up the wall in order to achieve uniformity and tightness to prevent leakage, failed to fill the wall with granular material, and failed to properly backfill the walls.

presented . . . and the findings made by the judge." Stated differently, the Holzes contend that the appeal is "without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law" and that Busy Bees knew or should have known this.[4] RULE 809.25(3)(c)2, STATS.; *see also Verex Assurance, Inc. v. AABREC, Inc.,* 148 Wis. 2d 730, 735, 436 N.W.2d 876, 878 (Ct. App. 1989). The standard to be applied is an objective one: what should a reasonable person in the position of this pro se litigant know or have known about the facts and the law relating to the arguments presented. *See Stoll v. Adriansen,* 122 Wis. 2d 503, 514, 362 N.W.2d 182, 188 (Ct. App. 1984). As with lawyers, a pro se litigant is required to make a reasonable investigation of the facts and the law before filing an appeal. *See Verex,* 148 Wis. 2d at 736, 436 N.W.2d at 879.

We agree with the Holzes that Busy Bees' sufficiency of evidence appeal is frivolous. As we have already noted, Busy Bees' appellate argument merely takes issue with isolated statements by the trial court on irrelevant matters and additionally restates its trial court arguments. As a result, Busy Bees has not offered any factual or legal basis for undoing the trial court's factual findings. This court recently found an appeal frivolous in a case involving a represented defendant. *See Lessor v. Wangelin, Jr.,* 221 Wis. 2d 659, 586 N.W.2d 1 (Ct. App. 1998). We said:

> [The appellant's] argument asks this court to reweigh the testimony of witnesses and to reach a conclusion regarding credibility contrary to that

---

[4] We do not understand the Holzes to argue that Busy Bees' appeal was taken in bad faith or pursuant to the other grounds recited in RULE 809.25(3)(c)1, STATS.

reached by the trial judge. Wangelin does not contest the trial judge's rationale. He only argues for a redetermination of witness credibility. Under the facts of this case, we conclude that this appeal is frivolous. *See* Rule 809.25(3), Stats. Wangelin or his attorney should have known that an appeal to reverse the trial court's credibility determinations could not be successful under the long-standing law of this state.

*Wangelin,* 221 Wis. 2d at 669, 586 N.W.2d at 5.

The same must be said of Busy Bees' appellate arguments in this case. Although we do not necessarily hold that Busy Bees was obligated to know and understand the applicable standard of review, it was obligated, at a minimum, to mount an arguable case showing where the trial court went wrong in its assessment of the credibility of the witnesses and in weighing the evidence. This it has utterly failed to do. We cannot excuse this basic failing, even when committed by a pro se litigant or by a nonlawyer representing another under the auspices of § 799.06(2), STATS.

Moreover, in deciding how much, if any, slack we should accord Busy Bees, we must also consider the position of the innocent party, the Holzes. The purpose of sanctions in frivolous actions is to "deter litigants and attorneys from commencing or continuing frivolous actions and to punish those who do so." *Stoll,* 122 Wis. 2d at 511, 362 N.W.2d at 187. To the Holzes, it makes no difference whether Busy Bees was represented by a lawyer or nonlawyer. The resulting harm to them is the same—unnecessary and burdensome financial obligations that should never have been incurred in the first place. It would not be fair or logical for us to say that the Holzes could have recovered these

expenses if Busy Bees' inadequate brief were presented by a lawyer, but they cannot recover since the brief was presented by a pro se litigant. We hold that Busy Bees' appeal is frivolous.

## CONCLUSION

We conclude that we have jurisdiction over Busy Bees' appeal. We hold that the evidence is sufficient to sustain the judgment. We declare Busy Bees' appeal frivolous. We remand for the trial court to conduct a hearing and determine the Holzes' costs, fees and reasonable attorney's fees pursuant to RULE 809.25(3), STATS.

*By the Court.*—Judgment affirmed and cause remanded.