COURT OF APPEALS
DECISION
DATED AND FILED

September 6, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1563**

STATE OF WISCONSIN

Cir. Ct. No. **2019SC1359**

IN COURT OF APPEALS
DISTRICT III

ABASE STORAGE LLC,

 PLAINTIFF-RESPONDENT,

 V.

MICHAEL MICHAUD,

 DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed.*

¶1 STARK, P.J.[1] Michael Michaud, pro se, appeals a judgment entered in favor of ABase Storage LLC. Michaud argues that: (1) ABase Storage

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

violated WIS. STAT. § 757.30 by filing documents in this case without a lawyer; (2) this action should have been dismissed under 50 U.S.C. § 3931; (3) the circuit court failed to address the issue of ABase Storage's warehouse lien; (4) the court failed to explain why the Wisconsin consumer act, WIS. STAT. chs. 421 to 427, does not apply to this action;[2] and (5) the court engaged in judicial misconduct. We affirm the judgment.

## BACKGROUND

¶2      ABase Storage rented a storage unit to Michaud on August 20, 2018, pursuant to a written lease that allowed Michaud to store thirty-five vehicles at a monthly rent of $1,000. Michaud failed to make the payments required by the lease, and ABase Storage commenced this small claims action against him. A bench trial was held on June 17, 2020. The circuit court issued an oral ruling in favor of ABase Storage on May 24, 2021. It entered a written judgment awarding ABase Storage $28,091.63 on September 1, 2021.

## DISCUSSION

¶3      Michaud first argues that ABase Storage violated WIS. STAT. § 757.30 by filing documents in this appeal without a lawyer, which he contends provides grounds to "terminate their ability to succeed in this appeal." Michaud correctly notes that an ABase Storage employee, Karl Jensen, filed several letters in this appeal prior to the appearance by ABase Storage's present legal counsel. However, while corporations are usually required to appeal by counsel, that rule

---

[2] *See* WIS. STAT. § 421.101 (stating that WIS. STAT. chs. 421 to 427 "shall be known and may be cited as the Wisconsin consumer act."

does not apply in small claims actions. *See* **Holz v. Busy Bees Contracting, Inc.**, 223 Wis. 2d 598, 603-06, 589 N.W.2d 633 (Ct. App. 1998). As we previously explained in our December 16, 2021 order, the Wisconsin Statutes explicitly authorize a corporate entity to self-represent in a small claims action by a full-time employee who is not a lawyer. *See* WIS. STAT. § 799.06(2). Accordingly, Michaud's argument regarding ABase Storage's self-representation is therefore without merit and does not provide a basis for relief.

¶4 Michaud next argues that this case should have been dismissed under 50 U.S.C. § 3931, a federal statute that provides protection to military service members against the entry of default judgments without notice. We will not consider this issue because Michaud failed to raise it in the circuit court. *See* **Tatera v. FMC Corp.**, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810 ("Arguments raised for the first time on appeal are generally deemed forfeited."). Moreover, this statute applies only to actions in which the defendant does not make an appearance. *See* 50 U.S.C. § 3931(a) ("This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance."). Michaud appeared in this matter and tried the case to the court. Therefore, 50 U.S.C. § 3931 is not applicable in this matter.

¶5 Michaud next asserts that the circuit court failed to adequately address an issue he raised about a warehouse lien obtained by ABase Storage. Michaud fails to develop an argument on appeal that the lien provides him with some basis for relief. We will not review issues that are not developed or adequately briefed. *See* **State v. Pettit**, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). We also note that Michaud did not raise the warehouse lien issue in his closing argument or in his briefs in the circuit court. He does not show how

the lien was illegally placed or argue that he sustained damages as a result of it. In addition, Michaud did not file a counterclaim asking for relief based on the lien or damages related to it. Therefore, we conclude that Michaud is not entitled to relief based on a claim related to the warehouse lien.

¶6 Michaud next argues that the circuit court failed to adequately explain why the Wisconsin consumer act does not apply to this action. We disagree. During its oral ruling on May 24, 2021, the court thoroughly explained why the Wisconsin consumer act did not apply. In addition, we note that Michaud fails to explain why he believes the court's ruling was incorrect; he simply states that the court did not provide a sufficiently thorough explanation. As such, this argument is inadequately developed to warrant relief. *See id.*

¶7 Finally, Michaud claims that the circuit court violated SCR 70.36(1)(a) by failing to issue its decision within ninety days of the date the matter was ready for decision. As we explained in our December 16, 2021 order, "whether the circuit court judge violated any standards of judicial conduct is a separate matter from whether the circuit court committed any errors of law or erroneously exercised its discretion in its rulings." *See Sands v. Menard*, 2017 WI 110, ¶62, 379 Wis. 2d 1, 904 N.W.2d 789 ("[T]he preamble to the [SCR] clearly demonstrates that alleged violations are to be determined in disciplinary proceedings, not civil litigation."). Michaud has no recourse in the context of this

appeal for his allegation that the circuit court failed to timely issue its decision under SCR 70.36, which is an issue we do not address.[3]

  *By the Court.*—Judgment affirmed.

  This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] We note that the circuit court explained that the delay here was due, in part, to the public health emergency caused by the COVID-19 pandemic and the attendant case backlogs the court system experienced as a result. We also note that Michaud could have avoided the per diem and interest accumulated during any delay by paying the amount demanded to the clerk of court pending the court's decision. *See* WIS. STAT. §§ 814.04(4), 815.05(8).