COURT OF APPEALS
DECISION
DATED AND FILED

May 14, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP966**

STATE OF WISCONSIN

Cir. Ct. No. **2022SC13286**

IN COURT OF APPEALS
DISTRICT I

JAMES LUECKE AND TALIA LUECKE,

PLAINTIFFS-APPELLANTS,

V.

HUCKSTORF DIESEL PUMP & INJECTOR SERVICE, INC.,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County: CYNTHIA M. DAVIS, Judge. *Affirmed and cause remanded with directions.*

¶1 WHITE, C.J.[1] James Luecke and Talia Luecke (the Lueckes), *pro se*, appeal a small claims money judgment against them in favor of Huckstorf Diesel Pump & Injector Service, Inc. (Huckstorf). The Lueckes argue that the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

circuit court lacked the competency to have a trial and that the circuit court erred by relying on evidence presented by Huckstorf, and by denying the Lueckes the opportunity to call Huckstorf's counsel as a witness. Based on our review of the briefs and record, we affirm the judgment of the circuit court.

## BACKGROUND

¶2 On May 26, 2022, the Lueckes filed a small claims action against Huckstorf alleging that Huckstorf breached the warranty on the repairs it performed on the Lueckes' vehicle, violated WIS. STAT. § 100.20, and violated multiple provisions of WIS. ADMIN. CODE §§ ATCP 132.08 and 132.09. Huckstorf answered the Lueckes' complaint and filed a counterclaim. Huckstorf alleged that the Lueckes breached their contract and were unjustly enriched when they failed to pay for the costs associated with diagnosing the issues with the Lueckes' vehicle and with storing the vehicle.

¶3 On September 13, 2022, the parties appeared before a court commissioner and the court commissioner ultimately issued an oral decision in favor of the Lueckes. On September 21, 2022, Huckstorf filed a demand for trial and served the demand on the Lueckes. The demand for trial populated in the CCAP[2] case management system as a proposed order awaiting the judge's signature. The circuit court declined to sign it with the comment: "not for court

---

[2] Wisconsin's CCAP (Consolidated Court Automation Programs) is a case management system provided by the Wisconsin Circuit Court Access program, which "provides public access online to reports of activity in Wisconsin circuit courts." *State v. Bonds*, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133. "The online website reflects information entered by court staff." *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. We may take judicial notice of CCAP records. *See* WIS. STAT. § 902.01; *Kirk*, 346 Wis. 2d 635, ¶5 n.1, 829 N.W.2d 522.

2

signature; clerk is aware of this demand." The circuit court subsequently made a note in the record that the "[d]emand for Trial [was] previously filed" and scheduled a pre-trial conference.

¶4     The circuit court held a court trial on May 11 and 19, 2023. Ultimately the circuit court entered a judgment in favor of Huckstorf against the Lueckes in the amount of $2,015.17 plus statutory attorney fees, costs and disbursements.

¶5     The Lueckes now appeal.

## DISCUSSION

¶6     On appeal, we interpret the Lueckes' arguments as the following: the circuit court lacked the competency to have a trial because it declined to sign Huckstorf's demand for trial; the circuit court erred by relying on evidence presented by Huckstorf because that evidence was not credible; and the circuit court erred by not allowing the Lueckes to call Huckstorf's counsel as a witness.[3]     Huckstorf contends that the Lueckes' arguments are meritless. Additionally, Huckstorf argues that this court cannot properly review the Lueckes' arguments because the Lueckes failed to submit any transcripts and forfeited their arguments by failing to preserve them before the circuit court. We agree with Huckstorf.

---

[3] The Lueckes raise other issues in their brief; however, they are supported by conclusory statements instead of legal reasoning. We decline to review these undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed."); *Lakeland Area Prop. Owners Ass'n, U.A. v. Oneida Cnty.*, 2021 WI App 19, ¶17, 396 Wis. 2d 622, 957 N.W.2d 605 ("We will not abandon our neutrality to develop arguments for the parties.").

¶7    We are unable to the address the merits of the Lueckes' arguments because the Lueckes failed to submit the relevant transcripts. "We are bound by the record as it comes to us." *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). "It is the appellant's responsibility to ensure completion of the appellate record and when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. *See also Waushara Cnty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (recognizing that while courts may offer some leniency to *pro se* appellants, "[p]ro se appellants must satisfy all procedural requirements, unless those requirements are waived by the court.").

¶8    The Lueckes did not file any transcripts and filed a statement on the transcripts indicating that transcripts are not necessary for this court to decide this appeal. Without transcripts, there is no record that the Lueckes preserved their arguments by raising them before the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." *State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. *See also Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶29, 273 Wis. 2d 76, 681 N.W.2d 190 (holding that, generally, challenges to a court's competency can be forfeited). "The party who raises an issue on appeal bears the burden of showing that the issue was raised before the circuit court." *Id.* Upon review of the record, there is no indication that the Lueckes preserved any of the arguments they bring on appeal.

¶9    The Lueckes note that their arguments cannot be forfeited by their failure to raise them before the circuit court because the plain error doctrine under WIS. STAT. § 901.03(4) applies. A plain error is an error that is obvious,

4

substantial, and "so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. To underscore how substantial an error must be, the Wisconsin Supreme Court has cautioned that "[c]ourts should use the plain error doctrine sparingly." *Id.* The burden is on the defendant to show that an error is fundamental, obvious, and substantial. *Id.*, ¶23. Based on our review of the record and briefing, we conclude that the Lueckes have failed to identify any error that is so "fundamental, obvious, and substantial" to warrant the application of the plain error doctrine here.

¶10 Furthermore, the Lueckes make arguments that take issue with the circuit court's reasoning and actions during the trial. However, we cannot review whether the circuit court erroneously exercised its discretion during the trial without a transcript that shows what the circuit court did and why. Instead, we must assume that the material in the trial transcript supports the circuit court's decision. *See Gaethke*, 376 Wis. 2d 448, ¶36. Accordingly, in the absence of the transcripts necessary to review the Lueckes' arguments we affirm the judgment of the circuit court.

¶11 Huckstorf contends that this appeal is frivolous and moves for sanctions under WIS. STAT. §§ 809.25(3)(c)2. and 895.044(5).

¶12 "[A]n appellate court decides whether an appeal is frivolous solely as a question of law." *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. This court applies an objective standard to determine if an appeal was commenced or continued despite being frivolous. *Howell*, 282 Wis. 2d 130, ¶9. *See* WIS. STAT. §§ 809.25(3)(c)2., 895.044(1). An appeal is frivolous if "[t]he party … knew, or should have known, that the appeal … was without any

reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. § 809.25(3)(c)2. The entire appeal must be frivolous for this court to award costs and attorney fees. *Howell*, 282 Wis. 2d 130, ¶9. We resolve any doubts in favor of finding an appeal nonfrivolous. *Baumeister v. Automated Prod., Inc.*, 2004 WI 148, ¶28, 277 Wis. 2d 21, 690 N.W.2d 1.

¶13 Based on the record before this court, we conclude that the Lueckes' entire appeal is frivolous. The Lueckes failed to provide a transcript of the trial which would be necessary for this court to meaningfully analyze the Lueckes' challenges to the circuit court's decision. Additionally, the Lueckes raise issues supported by conclusory statements instead of relevant legal bases and make arguments that were not preserved before the circuit court on this record.

¶14 Furthermore, the Lueckes were aware that the lack of transcripts in the record would require this court to assume that the material in the transcripts supports the circuit court's decision. Shortly after the Lueckes filed their statement on the transcripts, Huckstorf moved this court to summarily affirm the judgment of the circuit court on the grounds that a transcript of the proceedings would be necessary for the Lueckes to prevail on any potential arguments. This court denied the motion so that this matter could be resolved with the benefit of full briefing. Notably, we also confirmed in that order that "[i]t is true that when transcripts are not included in the record, we assume they support the circuit court's decision." Thus, the Lueckes were aware, prior to filing their brief, that the lack of transcripts in the record would prevent their arguments from succeeding. However, the Lueckes never sought to supplement the record with any transcripts.

¶15 Thus, the Lueckes should have known that their appeal would be without any reasonable basis in law and equity. *See **Holz v. Busy Bees Contracting, Inc.***, 223 Wis. 2d 598, 608, 589 N.W.2d 633 (Ct. App. 1998) ("As with lawyers, a *pro se* litigant is required to make a reasonable investigation of the facts and the law before filing an appeal.").[4] Therefore, we grant Huckstorf's motion for sanctions.

## CONCLUSION

¶16 In the absence of the transcripts necessary to meaningfully review the Lueckes' arguments we affirm the judgment of the circuit court and grant Huckstorf's motion for sanctions. We conclude that the entire appeal is frivolous and remand the matter to the circuit court to determine the amount of costs and reasonable attorney fees incurred by Huckstorf in responding to the Lueckes' appeal. *See* WIS. STAT. § 895.044(5).

*By the Court.*—Judgment affirmed; cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] We also note that the Lueckes approached their filings in a similar manner, without a reasonable investigation into the facts and law. The Lueckes unsuccessfully moved to resolve this appeal by a procedural motion and moved three times for this court to take judicial notice of arguments, matters which do not qualify as facts not subject to reasonable dispute, and an action by the circuit court not reflected in the record. *See* WIS. STAT. §902.01 (describing the kind of facts this court can take judicial notice of).