COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1142**

Cir. Ct. No. 2020CV752

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

MARY LU COONEN,

  PLAINTIFF-RESPONDENT,

 V.

RAMIRO ESTRADA AND TAMMY ESTRADA,

  DEFENDANTS-APPELLANTS.

APPEAL from orders of the circuit court for Outagamie County: YADIRA REIN, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Neubauer, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Ramiro and Tammy Estrada, pro se, appeal from circuit court orders granting Mary Lu Coonen's claim for partition of property that

Coonen sold to the Estradas, and in which Coonen retained a life estate pursuant to the terms of a land contract; ordering the sale of the property and distribution of the sale proceeds between the parties; and denying the Estradas' motion for reconsideration of the court's distribution decision. Additionally, Coonen has filed a motion for sanctions under WIS. STAT. RULE 809.25(3) (2023-24),[1] asserting that this appeal is frivolous in its entirety and seeking to recover the costs, court fees, and attorney fees she incurred on appeal. For the reasons that follow, we reject the Estradas' arguments and Coonen's motion for sanctions, and we affirm the circuit court's orders.

## BACKGROUND

¶2 This case concerns real property located on West Grant Street in Appleton, Wisconsin (the Property). In December 1995, Coonen transferred to the Estradas, by quit claim deed, "an undivided 33[%] interest as tenants in common" in the Property, and Coonen retained for herself "an undivided 67[%] interest as tenant in common." In February 1998, the parties executed a land contract, wherein Coonen sold the Estradas her remaining 67% interest in the property, but she retained a life estate interest in that percentage of the Property.[2] According to the amended complaint and the record, Coonen "transferred and sold the … Property to the Estradas for a price far less than fair market value" because Tammy is Coonen's niece; "Coonen wanted the Estradas and their kids to have a nice, stable place to live"; and the intent was that the parties would live together

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Pursuant to the terms of the land contract, the Estradas were to make monthly payments to Coonen from January 1998 to June 2025. The land contract further provides: "This land contract is subject to a life estate in favor of Grantor."

and Coonen would have "the full use and enjoyment of the … Property for the remainder of her life."

¶3      During the time that the Estradas and Coonen were living together, the Estradas "built an addition onto the residence to accommodate their space needs" and paid for upkeep and repairs to the Property.  It appears undisputed that in July 2020 and January 2021, the Estradas attempted to "pay off the balance of the Land Contract in full" with two final checks; however, Coonen had not yet cashed those checks at the time this lawsuit was filed, and the Estradas were not provided a warranty deed.

¶4      In September 2020, Coonen moved out of the Property and filed this lawsuit, and later an amended complaint, seeking, among other things, partition of the Property.  Coonen alleged that the Estradas breached the land contract by making "the living conditions for Coonen unbearable, such that, ultimately, Coonen was left with no other choice but to move out of the … Property."  The Estradas, then represented by counsel, filed their answer and counterclaims, alleging that Coonen had "failed to timely convey a deed for the property under WIS. STAT. § 708.15 following full payment under the Land Contract" and that Coonen had breached the land contract by removing the Estradas' personal property.

¶5      In August 2023, the circuit court held a bench trial on Coonen's claims and the Estradas' counterclaims.  Ultimately, the court found that "the Estradas did not deprive Ms. Coonen of her rights pursuant to her life estate interest in the property" and that "it appears that this matter arises from a lack of communication and misunderstandings between the parties."  Therefore, the court determined that the Estradas "did not breach the Land Contract."  However, the

3

court also held that "it is clear that [the parties] can no longer live together," and "[s]ince physical partition is not possible, partition and judicial sale of the property is appropriate in this matter." The court granted judgment of partition, dismissed Coonen's remaining claims, and dismissed the Estradas' counterclaims. The Estradas moved for reconsideration of the court's decision, which it denied.

¶6 On August 7, 2024, the circuit court ordered the Property sold and the proceeds "distributed in accordance with a future Order of this Court." The Property was thereafter sold to a third party on October 16, 2024, resulting in net proceeds totaling $187,632.33. Coonen proposed two calculations for dividing the sale proceeds based on the value of her life estate, as determined using the "Life Estate and Remainder Interest Table" in the Wisconsin Department of Health Services' Medicaid Eligibility Handbook (the Handbook). One calculation used Coonen's age when this action was filed, and one used her age on the date the court ordered the Property sold in 2024. In contrast, the Estradas argued that Coonen was not entitled to any proceeds from the sale because her life estate had no value. In addition, they claimed that they were entitled to reimbursement from Coonen for home improvements, maintenance, and repairs they made to the Property.

¶7 The circuit court ultimately concluded, in a March 31, 2025 order, that the Estradas had failed to "provide any basis for their claim that they are entitled to the entire proceeds of the property sale," and it ordered the proceeds distributed based on Coonen's age at the time of the court's 2024 order. Accordingly, the Estradas were to receive $108,167.18, and Coonen was to receive $79,465.15. The Estradas filed a motion for reconsideration of the court's

distribution order, arguing that it was improper to rely on the Handbook, which the court denied by written order. The Estradas appeal.[3]

## DISCUSSION

¶8 Before we address the Estradas' arguments, we must first discuss our independent duty to determine our jurisdiction over this appeal. *See Carla B. v. Timothy N.*, 228 Wis. 2d 695, 698, 598 N.W.2d 924 (Ct. App. 1999). We entered an order seeking supplemental briefing from the parties on several issues related to our jurisdiction to review the orders in this case. After considering the parties' arguments in their supplemental briefs, we will assume, without deciding, that we have jurisdiction to review all of the orders entered by the circuit court in this case and all of the issues presented by the parties. We do so based on our mandate that we are to decide cases on the narrowest possible grounds. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) ("An appellate court should decide cases on the narrowest possible grounds."). Accordingly, we will reach the merits of the issues presented in this case.

¶9 The Estradas present three arguments for our review.[4] First, they contend that the circuit court erred by denying their request for a warranty deed in

---

[3] Coonen's brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which requires briefs to "have page numbers centered in the bottom margin using Arabic numerals with sequential numbering starting at '1' on the cover." Our supreme court has explained that this pagination requirement "will match the page number to the page header applied by the eFiling system, avoiding the confusion of having two different page numbers." S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021). We expect counsel to follow our Rules of Appellate Procedure.

[4] We note that the Estradas are self-represented, and their briefs before this court are difficult to follow. They string together lists of documents in the appellate record to support their arguments, but they do not explain how those documents provide any *legal* support for their position. When the Estradas do provide legal authority, they do not apply the facts of this case to that authority to create any developed argument.

(continued)

satisfaction of the land contract. Second, they assert that the court erroneously exercised its discretion by using the Handbook to determine the value of Coonen's life estate. Third, they contend that the court erred by granting partition and ordering the sale of the Property.[5] In response, Coonen asks us to grant her motion for sanctions under WIS. STAT. RULE 809.25(3), asserting that the Estradas' appeal is frivolous in its entirety and seeking to recover the costs, court fees, and attorney fees she incurred on appeal. For the reasons that follow, we reject the Estrada's arguments for reversal and Coonen's arguments in favor of sanctions.

---

For example, at one point in their brief-in-chief, the Estradas state that "we showed [WIS. STAT. §] 708.15" to the circuit court but that "[w]e stopped showing this statute after our 10-25-2024 filing because the court didn't accept and ignored this statute from us continually." It is not sufficient to "show[]" a statute to the court; a litigant must develop an argument to explain how and why he or she believes that statute applies to the facts in his or her case using the terms of the statute so the court can make a decision on its application. *See **Bishop v. City of Burlington***, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656 ("A litigant must raise an issue with sufficient prominence such that the [circuit] court understands that it is being called upon to make a ruling."); *see also **Holz v. Busy Bees Contracting, Inc.***, 223 Wis. 2d 598, 608, 589 N.W.2d 633 (Ct. App. 1998) ("As with lawyers, a pro se litigant is required to make a reasonable investigation of the facts and the law before filing an appeal.").

While we have done our best to discern the Estradas' arguments, we will not abandon our neutrality to develop their arguments. *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Accordingly, to the extent we do not address an issue or argument the Estradas intended to raise, we conclude such an issue or argument is not sufficiently developed.

[5] We note that the circuit court granted judgment of partition pursuant to WIS. STAT. § 842.02, but because physical partition of the property was not possible, the court ordered the property sold. *See* § 842.02(2) (stating that "the plaintiff's complaint may demand judgment of partition and, in the alternative, if partition is impossible, judicial sale of the land or interest, and division of the proceeds"). For ease of reference, and to be consistent with the court's terminology, we refer to the court's order as one granting partition and sale.

## I. Warranty Deed

¶10 As best we can ascertain, the Estradas' argument regarding the warranty deed is premised on their belief that Coonen should have provided a warranty deed giving them the remaining 67% interest in the Property when they provided her with the checks satisfying the amount owed on the land contract in 2020 and 2021. Generally, the Estradas cite WIS. STAT. § 708.15, which addresses mortgage satisfaction, in support of their argument, stating, "[W]e were supposed to get the Warranty Deed once we paid in full."

¶11 Based on our review of the record, the Estradas' counterclaim alleged that Coonen had "failed to timely convey a deed for the property under WIS. STAT. § 708.15 following full payment under the Land Contract" and sought damages for that failure, but the circuit court dismissed this counterclaim. It does not appear that the Estradas made an actual demand for the warranty deed to the circuit court until six months *after* the court's decision granting judgment of partition. And while it does not appear that the court specifically addressed the Estradas' motion demanding the warranty deed, we conclude that the court implicitly denied the motion by proceeding with partition and approving the sale of the Property.

¶12 We agree with Coonen that by the time partition was ordered, the Estradas' argument regarding the warranty deed was moot and remains moot. "An issue is moot when its resolution will have no practical effect on the underlying controversy," subject to certain exceptions not argued by the Estradas and not applicable to the facts of this case. *See **Marathon County v. D.K.***, 2020 WI 8, ¶19, 390 Wis. 2d 50, 937 N.W.2d 901 (citation omitted). Here, the Estradas fail to argue that Coonen's signing of the warranty deed *after* the circuit court had

ordered partition and, significantly, *after* the sale of the Property would have had any effect on the case. The fact remains, as the circuit court found after the trial, that although the Estradas had indeed made payment in full on the land contract, even if Coonen had cashed the checks, she would have "still ha[d] a life estate interest in the property."

¶13   Given that the property has been sold, neither Coonen nor the Estradas currently have any ownership interest in the Property. Therefore, signing the warranty deed to satisfy the land contract would be pointless and would have no practical effect on the controversy. In fact, as the Estradas note in their brief-in-chief, when the sale of the Property closed, Coonen *did* sign the warranty deed over to the Estradas, who then signed and executed it in favor of the new buyer. However, as Coonen argues on appeal, "the lack of Warranty Deed did not affect the proceeds of the judicial sale; the Estradas were paid in accordance with their 33% ownership plus the 67% ownership minus the life estate on the latter share."

¶14   The Estradas argue in their reply brief that if they had the warranty deed, then "as the Land Contract title 'monetary interest' owners and … as 'remainders interest' owners, … the property could *NOT* be partitioned with [Coonen's] 'life interest.'" To the extent the Estradas are claiming that if they had the warranty deed in hand, they then would have avoided partition, they have failed to provide any legal authority in support of this proposition. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating that we need not address undeveloped arguments or arguments unsupported by references to legal authority). Further, they are incorrect.

¶15    We wish to make two points clear.  First, Coonen's life estate does not terminate upon satisfaction of the land contract based on the contract's plain terms: "This land contract is subject to a life estate in favor of Grantor."  *See Marx v. Morris*, 2019 WI 34, ¶20, 386 Wis. 2d 122, 925 N.W.2d 112 ("Contract interpretation presents a question of law that we review independently of … the circuit court … but benefitting from [its] discussions." (alteration in original; citation omitted)).  Second, pursuant to her life estate, Coonen, during her lifetime, had an ongoing *interest* in the Property and, as a result, an interest in the proceeds of the sale of the Property.[6]  *See* WIS. STAT. § 700.02(3) (stating that a life estate is an interest in property); WIS. STAT. § 842.02(1) (permitting a person "having an interest in real property" to sue for partition); *see also United States v. Craft*, 535 U.S. 274, 278 (2002) ("A common idiom describes property as a 'bundle of sticks'—a collection of individual rights which, in certain combinations, constitute property.").

¶16    Accordingly, the Estradas' argument that they were entitled to a warranty deed is moot because the warranty deed would not terminate Coonen's life estate and, therefore, would not alter the amount each party should receive upon partition and sale of the Property.

---

[6] The Estradas argue at various times in their briefing that Coonen "abandoned her 'life interest' and moved out."  They fail, however, to present any legal authority in support of their claim of abandonment or to explain the legal significance of Coonen moving out of the Property.  For example, in support of the above claim, the Estradas cite handwritten notes from Coonen to the Estradas, which, among other things, support their *factual* claim that Coonen moved out.  However, that record citation does not provide any support for, or explanation of, the *legal* significance of her moving out and how her moving out would lead to an automatic finding that she abandoned her life estate interest as a matter of law.  Further, they also cite no language in the land contract stating or suggesting that if Coonen moved out of the Property she would give up her life estate and lose her interest in the Property.  Therefore, the Estradas' argument is undeveloped, and we will not address it further.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

9

## II. Medicaid Eligibility Handbook

¶17 Next, the Estradas appear to challenge both the introduction of the Handbook into evidence and the circuit court's interpretation of the Handbook. According to the Estradas, Coonen "should *NOT* receive money under the Wisconsin Medicaid Eligibility Handbook, Life Estates, Interest Table because the Cover Page of the handbook says *NO*."

¶18 Initially, to the extent that the Estradas contend that the circuit court erred by allowing the Handbook into evidence, we reject their argument on the basis of our standard of review. "The admission of evidence is subject to the circuit court's discretion," and "[w]e will not disturb the circuit court's decision to admit evidence unless the court erroneously exercised its discretion." *State v. Ringer*, 2010 WI 69, ¶24, 326 Wis. 2d 351, 785 N.W.2d 448. "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶19 The Estradas do not explain how or why it was incorrect to allow the Handbook into evidence, nor do they address any arguments with regard to whether the evidence was properly admitted under WIS. STAT. chs. 901 through 911. In fact, the Estradas also rely on the provisions of the Handbook to support their arguments, as discussed below. We explained above that life estates are interests in property and, accordingly, have some value to their holders. Within the Medicaid context, the "Life Estate and Remainder Interest Table" is used to determine the value of a life estate or remainder interest. WISCONSIN DHS, MEDICAID ELIGIBILITY HANDBOOK, § 16.8.1.6 (2026),

10

https://www.dhs.wisconsin.gov/publications/p10030-26-01.pdf. Here, the circuit court considered the Handbook not as binding authority but as evidence in support of its finding as to the value of Coonen's life estate. Therefore, it was not an erroneous exercise of discretion for the circuit court to allow the Handbook to be admitted as relevant evidence on the issue of value.[7]

¶20 To the extent that the Estradas challenge the circuit court's use of the Handbook to determine the value of Coonen's life estate, we reject their arguments. The court's determination of the value of the life estate is a finding of fact. We will not upset a circuit court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2). A court's factual finding is not clearly erroneous "unless it is against the great weight and clear preponderance of the evidence." *State v. Wiskerchen*, 2019 WI 1, ¶17, 385 Wis. 2d 120, 921 N.W.2d 730.

¶21 According to the Estradas, the circuit court failed to consider "the Cover Page" of the Handbook "despite [their] filings … letting [Coonen and the

---

[7] Although we do not develop arguments for the parties, *see Industrial Risk Insurers*, 318 Wis. 2d 148, ¶25, we note that the Handbook is published by the Wisconsin Department of Health Services, which has a legal duty to administer Medicaid in Wisconsin, *see* WIS. STAT. § 49.45; *Newcap, Inc. v. DHS*, 2018 WI App 40, ¶4, 383 Wis. 2d 515, 916 N.W.2d 173. Under these circumstances, government agency guidance documents, like the Handbook, have been found to be admissible under various evidentiary theories. *See Lievrouw v. Roth*, 157 Wis. 2d 332, 353-55 & n.9, 459 N.W.2d 850 (Ct. App. 1990) (concluding that the Wisconsin Motorists Handbook was properly admitted into evidence pursuant to WIS. STAT. §§ 909.02(5) (authentication of official publications) and 908.03(8), (18) (public records and learned treatise exceptions to hearsay)); *Sullivan v. Waukesha County*, 218 Wis. 2d 458, 469-72, 578 N.W.2d 596 (1998) (concluding that the circuit court erred by refusing to accept into evidence a pamphlet published by the Wisconsin Department of Transportation and the Wisconsin State Patrol entitled "Basic Training Program for Breath Examiner Specialist" because the document satisfied the requirements of the public records hearsay exception); *see also Schmiedeck v. Gerard*, 42 Wis. 2d 135, 141 n.9, 166 N.W.2d 136 (1969) (observing that the court may take judicial notice of Wisconsin's Manual for Motorists and collecting cases); WIS. STAT. § 902.01.

11

court] know their finding was *NOT* correct." In their motion for reconsideration, the Estradas quoted the following language from the Handbook: "If a remainder person sells the property for which a life estate is retained, the life estate holder is not entitled to any of the payments." HANDBOOK, *supra*, § 16.8.1.6. They further explained that "[w]hat we read and understand from this is the Life Estate (Coonen) is not entitled to any of the payments for the home to be sold, even when the remainder (Estrada's) sell [sic] the property, in which the court has instead sold the property."

¶22    The Estradas misunderstand the quoted language in the Handbook. The language cited is not applicable to this case because it applies when the remainder person sells a property, but "a life estate is retained." Coonen did not *retain* her life estate. If she had retained her life estate, she would have been able to continue living in the Property after it was sold to a new owner. Instead, she either gave up or was divested of that right upon the partition and the sale of the Property.

¶23    Furthermore, the very next sentence in the Handbook, which the Estradas neglect to include in their briefing, appears to be applicable and states: "However, if the life estate holder gives up his or her life estate to secure the sale of the property, then the life estate holder would be entitled to some portion of the proceeds from the sale of the property." *Id.* As part of the sale of the Property, Coonen gave up her life estate, meaning she gave up the right to live in the Property for the rest of her life; therefore, Coonen is entitled to "some portion" of the sale proceeds.

¶24    Beyond this argument concerning the language of the Handbook, we are unable to discern another argument from the Estradas with regard to how the

circuit court erroneously exercised its discretion by relying on the Handbook or, given that Coonen was entitled to "some portion" of the sale proceeds, what they claim the correct calculation of the value of Coonen's life estate should have been. Therefore, we conclude that the circuit court correctly interpreted the terms of the Handbook and appropriately applied the "Life Estate and Remainder Interest Table" to find the value of Coonen's life estate in the Property, and the court's adoption of this value is not clearly erroneous.

### III. Partition and Sale

¶25 Finally, the Estradas challenge the circuit court's decision to order partition and sale of the Property, arguing that the decision was "incorrect[]." The Estradas challenge the court's decision by accusing Coonen and her attorneys of "incorrectly and Frivolously us[ing] the incorrect state statute" and by suggesting that WIS. STAT. ch. 700 somehow precludes partition under WIS. STAT. ch. 842. Before this court, the Estradas cite WIS. STAT. § 700.05(1) (addressing classification of remainders), WIS. STAT. § 700.10 (addressing a remainder to the heirs of the owner of a life interest), and WIS. STAT. § 700.17(3) (addressing the characteristics of a tenancy in common) in support of their position.

¶26 We are not persuaded by the Estradas' arguments. The Estradas cite the above statutes without explaining how or why they apply to the case at hand, and we can discern no application for those statutes to the facts of this case. In other words, nothing in the language of WIS. STAT. §§ 700.05(1), 700.10, or 700.17(3) plainly precludes partition of the Property. WISCONSIN STAT. ch. 700 simply defines the general law of interests held in property. To the extent the Estradas meant to reference any other statutory sections of ch. 700 or identify any alleged disagreement between WIS. STAT. chs. 700 and 842, their argument is

either undeveloped or underdeveloped. *See Pettit*, 171 Wis. 2d at 646-47; *Papa v. DHS*, 2020 WI 66, ¶42 n.15, 393 Wis. 2d 1, 946 N.W.2d 17 (declining to address an underdeveloped argument).

¶27 Instead, we conclude that WIS. STAT. ch. 842 is clearly applicable to this case because it details the process of partitioning property when multiple persons hold an interest in that property. WISCONSIN STAT. § 842.02 authorizes a partition action. That statute provides, as relevant here, that "[a] person having an interest in real property jointly or in common with others may sue for judgment partitioning such interest" and that "the plaintiff's complaint may demand judgment of partition and, in the alternative, if partition is impossible, judicial sale of the land or interest, and division of the proceeds." Sec. 842.02(1)-(2); *see also Klawitter v. Klawitter*, 2001 WI App 16, ¶7, 240 Wis. 2d 685, 623 N.W.2d 169 (2000) (discussing the law of partition). Partition is an equitable action; "[t]herefore, we review the circuit court's partition decision under the 'highly deferential' erroneous exercise of discretion standard, which we apply to equitable remedies."[8] *Prince Corp. v. Vandenberg*, 2016 WI 49, ¶16, 369 Wis. 2d 387, 882 N.W.2d 371 (citation omitted).

¶28 The circuit court's decision to grant judgment of partition and order judicial sale was not an erroneous exercise of discretion. As outlined above, the court held a bench trial on Coonen's claims and the Estradas' counterclaims. The court's written decision detailed all the factual issues between the parties. Based

---

[8] We determine as a matter of law if a right to partition exists under WIS. STAT. § 842.02, but we review for an erroneous exercise of discretion a court's decision whether to allow a party to exercise that right. *See Prince Corp. v. Vandenberg*, 2016 WI 49, ¶16, 369 Wis. 2d 387, 882 N.W.2d 371. Given Coonen's life estate, the Estradas do not appear to argue that Coonen's *right* to partition did not exist.

on the testimony of the parties, the court found "that the Estradas did not deprive Ms. Coonen of her rights pursuant to her life estate interest in the property and therefore did not breach the Land Contract" and that the suit was the result of "a lack of communication and misunderstandings between the parties." *See* WIS. STAT. § 842.07 (stating, as relevant here, that "after trial of issues, the court shall by findings of fact and conclusions of law determine the rights of the parties"). Nevertheless, the court also found that "it is clear that [the parties] can no longer live together" and that "physical partition" of the Property, which is a single-family home, "is not possible." In response to the Estradas' motion for reconsideration, the court clarified that partition was an equitable remedy, that the Estradas and Coonen both had a right of possession and occupancy of the Property, and that the "sale of the property is appropriate in the absence of an alternate resolution between the parties." The Estradas do not challenge these findings on appeal.

¶29 Accordingly, the circuit court cited the applicable law and examined, in detail, the relevant facts, and it determined that the most equitable solution was judicial sale of the property and division of the proceeds. Under our "highly deferential" standard of review, *see **Prince Corp.**,* 369 Wis. 2d 387, ¶16 (citation omitted), we must uphold the circuit court's discretionary determination.

## IV. Frivolous Appeal

¶30 We turn now to Coonen's motion for sanctions under WIS. STAT. RULE 809.25(3). Pursuant to RULE 809.25(3)(a), "[i]f an appeal … is found to be frivolous by the court, the court shall award to the successful party costs, fees, and reasonable attorney fees under this section." However, "[t]o award costs and attorney fees, [we] must conclude that the entire appeal is frivolous." ***Howell v.***

*Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621.  Whether an appeal is frivolous is a question of law.  *Id.*

¶31    We may find an appeal frivolous if: (1) "[t]he appeal … was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another"; or (2) "[t]he party or the party's attorney knew, or should have known, that the appeal … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."  WIS. STAT. RULE 809.25(3)(c)1.-2.  "As with lawyers, a pro se litigant is required to make a reasonable investigation of the facts and the law before filing an appeal."  *Holz v. Busy Bees Contracting, Inc.*, 223 Wis. 2d 598, 608, 589 N.W.2d 633 (Ct. App. 1998).

¶32    Here, Coonen argues that "[t]he Estradas were told on the record, by both Coonen's counsel and the Circuit Court, that their arguments lacked legal merit, that they were frivolous, and that they were unsupported by the laws of Wisconsin."  According to Coonen, "the Estradas have once again taken it upon themselves to record each grievance they have with the Circuit Court proceedings," but "[t]hese grievances do not rise to appealable issues and lack the necessary components for this Court to determine the validity of their arguments."

¶33    We conclude that the Estradas' appeal was not entirely frivolous. While the Estradas' arguments are poorly developed and they fail to cite legal authority for many of their arguments, they certainly had a basis to challenge the circuit court's decisions in this case.  The Estradas labored under the terms of a land contract for years, made repairs and improvements to the Property, and fulfilled all of the land contract's requirements, including making all of the required payments.  Coonen then moved out of the property.  Under these

circumstances, it may appear to the Estradas that Coonen received a windfall by her receipt of a portion of the sale proceeds, and, as the Estradas reasonably argued, "[t]hat would be us paying double for the property when we already paid for it by sale proceeds when she sold it to us previously." This is a practical, reasonable argument for the Estradas to present, and it is not frivolous. Unfortunately, the Estradas do not appear to understand the legal significance of Coonen's life estate in the Property or the fact that our review is highly deferential to the circuit court's exercise of discretion, which precludes us from deciding in their favor in this case. Accordingly, while the Estradas are unsuccessful on appeal, we have no basis to conclude that their entire appeal is frivolous, and Coonen's motion for sanctions is denied.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

17